Cothran, Recurrente, *v.* El Registrador de Arecibo, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Arecibo denegando la inscripción de una escritura de compraventa con hipoteca.

No. 323.—Resuelto en julio 24, 1917.

Matrimonio—Sociedad de Gananciales—Bienes Adquiridos en Puerto Rico por Ciudadano de Nueva York, Casado en este Estado.—Si un ciudadano del Estado de Nueva York, Estados Unidos de América, donde no existe la sociedad legal de gananciales en el matrimonio y donde los bienes que durante él adquiera el marido, que no sean privativos de la mujer, le pertenecen, y son de su libre disposición, compra en Puerto Rico un bien inmueble, siendo casado, puede enajenarlo o gravarlo muerta su esposa sin haberse liquidado la sociedad conyugal, por no ser de aplicación el artículo 1322 del Código Civil que lo reputa ganancial.

Id.—Id.—Denegatoria de Inscripción por Fundamentos Distintos de los Alegados en el Recurso.—Para acreditar que el recurrente es ciudadano del

Estado de Nueva York, donde se casó y reside, se presentaron al registra-
dor tres declaraciones juradas (*affidavits*), pero no habiéndose expuesto en
la nota recurrida como motivo para no inscribir que tal hecho no pueda pro-
barse en esa forma, no puede ahora alegar que no sea bastante esa prueba
para acreditarlo.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Gustavo Zeno Sama.*

El registrador recurrido Sr. Raúl Benedicto, compareció
en nombre propio.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribu-
nal.

John T. Cothran vendió por escritura de 1°. de junio de
1917 a José Terrón y Riollano una finca que había comprado
mientras vivió su esposa, presentó el documento con otros
en el Registro de la Propiedad de Arecibo para su inscrip-
ción, y el registrador se negó a inscribirlo poniendo al pie
de la escritura la siguiente nota:

"Denegada la inscripción de la compraventa y de la hipoteca
que comprende el documento por aparecer del registro que el ven-
dedor Mr. John T. Cothran adquirió la finca enajenada siendo de
estado casado, y la vende ahora siendo viudo sin acreditarse en ma-
nera alguna haber sido liquidada la sociedad conyugal, pues si bien
de los *affidavits* presentados resulta que dicho vendedor contrajo ma-
trimonio con Mrs. Ella B. Mitchell en el Estado de Nueva York,
donde no existe la sociedad de gananciales, el Tribunal Supremo
de Puerto Rico en resolución de 1°. de febrero del corriente año,
caso No. 292, de *Bracons v. El Registrador de la Propiedad de San
Juan, Sección Primera,* dispone, de acuerdo con lo preceptuado en
el artículo 10°. del Código Civil Revisado, que los bienes inmue-
bles están sujetos a las leyes del país en que están sitos; y de con-
formidad con lo prescrito en la sección 7ª. de la Ley de 1°. de marzo
de 1902 se toma anotación preventiva por término de 120 días a los
efectos legales, al folio 17 vuelto, del tomo 15, Barceloneta, finca
No. 764, anotación letra A.   Arecibo, 2 de junio de 1917."

Si un ciudadano del Estado de Nueva York, Estados Uni-
dos de América, donde no existe la sociedad legal de ganan-
ciales en el matrimonio y donde todos los bienes que durante

él adquiere el marido, que no sean privativos de la mujer, le pertenecen y son de su libre disposición, compra en Puerto Rico un bien inmueble siendo casado, ¿puede enajenarlo o gravarlo muerta su esposa sin haberse liquidado la sociedad conyugal? Tal es la cuestión envuelta en este recurso por la negativa del registrador.

En el caso de *Bartolomew* v. *Allen,* 24 D. P. R. 370, declaramos que el hecho de adquirirse bienes en un país, que como el nuestro reconoce la sociedad legal de gananciales, no crea esa sociedad entre los esposos casados en un Estado donde tal sociedad legal no existe, y que no habiendo tal sociedad en el Estado de Nueva York no tiene aplicación el artículo 1322 del Código Civil que reputa gananciales todos los bienes del matrimonio, y por tanto desaparece la presunción que en este sentido crea.

De acuerdo con esa doctrina, no teniendo la finca a que se refiere este recurso la presunción de ser ganancial, no es necesario para que el marido que la adquirió pueda disponer de ella después de muerta su esposa que se liquide la sociedad de gananciales porque no existiendo tal sociedad en aquel Estado, no puede ser liquidada. También dijimos en ese caso que la ley personal del individuo es la del país a que pertenece, la que le sigue donde quiera que se traslade, principio que también establece el Código Civil en su artículo 9º. para los ciudadanos de Puerto Rico, aunque residan en país extranjero.

A pesar de esto sostiene el registrador recurrido en su alegato que no procede la inscripción de la venta por el defecto que ha mencionado, porque adquirida la finca por el marido durante el matrimonio, a título oneroso, sin que en la adquisición se hiciera constar que la hubiera adquirido con dinero de su exclusiva propiedad, debe reputarse como ganancial.

Estaríamos conformes con esta manifestación si el regis-

trador en su nota no aceptara que el vendedor se casó en el Estado de Nueva York y que allí no existe la sociedad de gananciales, pero después de reconocer esos hechos por su nota recurrida no puede sostener que la finca tiene la presunción de ser un bien perteneciente al matrimonio y no al marido que la compró. Es cierto que para acreditar que el recurrente es ciudadano del Estado de Nueva York, donde se casó y reside se presentaron al registrador tres declaraciones juradas (*affidavits*), pero no habiendo alegado en la nota recurrida como motivo para no inscribir que tal hecho no pueda probársele en esa forma, no puede ahora alegar que no sea bastante esa prueba para acreditar esos hechos.

La cita que hace el registrador en apoyo de su negativa del caso de *Bracons* v. *El Registrador de San Juan,* 24 D. P. R. 753, al efecto de que es el estatuto real y no el personal el que debe aplicarse en este caso, no tiene aplicación porque la doctrina en él sentada es la de que es aplicable la ley de Puerto Rico tanto en cuanto a la contratación de bienes inmuebles radicados en esta isla como a la cuantía de los derechos hereditarios; pero en este caso no es ésta la cuestión sino únicamente la de si no existiendo la sociedad de gananciales en el matrimonio del vendedor por ser ciudadano de un Estado donde no existe dicha sociedad la finca adquirida por el recurrente tenía o no la presunción de bien ganancial y por tanto sí podía disponer de ella libremente muerta su esposa.

La nota recurrida debe revocarse y ordenarse la inscripción.

> *Revocada la nota recurrida y ordenada la inscripción del documento presentado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.